IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON MICHAEL HUNT,

    Plaintiff,

 v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

OPINION AND ORDER

18-cv-577-bbc

---

  Plaintiff Brandon Michael Hunt is seeking review of a final decision by defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying his claim for disability insurance benefits and supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). Dkt. #7. Plaintiff contends that the administrative law judge who decided the case erred in failing to consider the opinion of an examining neuropsychologist and in rejecting the opinion of the psychological expert who testified at the hearing before the administrative law judge. For the reasons explained below, I find that the administrative law judge did not err in reaching his decision. Accordingly, plaintiff's claim will be denied.

  The following facts are drawn from the administrative record (AR).

## FACTS

### A. Social Security Applications and Administrative Proceedings

  Plaintiff Brandon Hunt filed applications for disability insurance and supplemental security benefits on May 30, 2016, contending that he had been disabled since 2008 because of anxiety and intellectual and cognitive impairments. AR 13. He was born on April 23,

1989, making him 27 years old when he applied for benefits. AR 25. Plaintiff lives with his father, has a history of special education and attended school through the eleventh grade without graduating from high school. Although he has had a series of short-term jobs, he reported that he was not able to sustain full-time or regular employment because of his mental health conditions. AR 20, 25.

On January 10, 2018, Administrative Law Judge Corey Ayling held a hearing at which plaintiff, a psychological expert and a vocational expert testified. AR 13, 32. Plaintiff was represented by counsel at the hearing. In a written decision issued on February 8, 2018, the administrative law judge concluded that plaintiff was severely impaired by generalized anxiety disorder, borderline intellectual functioning with a full-scale intelligence quotient of 75, schizoid personality disorder and attention deficit hyperactivity disorder. AR 26. He further found that plaintiff retained the residual functional capacity to perform work at any exertional level with the following limitations: simple, routine and repetitive tasks; no continuous, fast-paced work such as assembly-line work; a limitation to simple work-related decisions; and brief and superficial contacts with supervisors, co-workers and the public, "such that work is rated no lower than an '8' on the people scale of Appendix B to the Dictionary of Occupational Titles, 1991 revised edition." AR 20.

In reaching his decision, the administrative law judge found that plaintiff's reported symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 21. He also found the opinion of Dr. Cheryl Buechner, Ph.D., an impartial medical expert, equivocal about whether plaintiff's

condition did or did meet a listing under the Social Security regulations, AR 13, and that the record did not support her testimony. AR 13, 21. (The administrative law judge made several specific findings with respect to Dr. Buechner's testimony that I will discuss in more detail below.) The administrative law judge gave great weight to the opinions of state agency psychologists Dr. Erika Gilot-Montgomery and Dr. Frank Orosz, who assessed no greater than moderate limitations for plaintiff in all functional areas and concluded that plaintiff was capable of simple, unskilled work involving no more than one to three step tasks, no fast-paced tasks and only superficial contact with others. AR 19, 22 and 24 (citing AR 118-21 and 153-55).

The administrative law judge determined that plaintiff had no past relevant work. AR 25. Relying on the testimony of a vocational expert who testified in response to a hypothetical question based on plaintiff's residual functional capacity assessment, the administrative law judge found that jobs existed in significant numbers in the national economy that plaintiff could perform, including cleaner, kitchen helper and laundry worker. AR 25-26.

B. Relevant Medical Evidence

Critical to plaintiff's appeal are the opinions of Dr. Jason Kanz, a neuropsychologist who evaluated plaintiff on August 18, 2016, and Dr. Buechner, the psychological expert who testified at the administrative hearing. The findings of these physicians are summarized below. (The record contains no opinions from treating providers.)

1. Dr. Kanz

At the request of plaintiff's nurse practitioner, Dr. Kanz performed a diagnostic evaluation of plaintiff on August 18, 2016. He noted that plaintiff reported marked depression and anxiety and that he had below or low average problem solving, reasoning, memory and language skills. Dr. Kanz diagnosed schizoid personality disorder and borderline intellectual functioning (a full scale intelligence quotient of 75 in the fifth percentile) and recommended that plaintiff undergo therapy to increase his positive social relationships as much as possible. In Dr. Kanz's opinion, plaintiff was likely to function better in environments with a "low social load." AR 598-600.

2. Dr. Buechner

From her review of the record and plaintiff's testimony, Dr. Buechner testified that plaintiff had moderate limitations in the functional areas of concentration, persistence and pace; understanding, remembering and replying information; and adapting and managing oneself. She testified that plaintiff had marked limitations in interacting with others and possible marked limitations in concentration, persistence and pace if she considered plaintiff's regular marijuana use. AR 64, 66. Dr. Buechner noted that her ratings were not "necessarily complete" because there were no records from plaintiff's stay in a mental health institute when he was 14 years old. AR 60-63.

Although Dr. Buechner believed that one of plaintiff's medications—Latuda—could make plaintiff drowsy as he claimed, she testified that she did not have enough information

4

to state an opinion as to whether the drowsiness would reasonably cause him to take three half-hour to hour breaks throughout the day. AR 68-69. When asked about possible work limitations, Dr. Buechner testified that "[i]t would be difficult to tell from the documented evidence and this particular situation, [it] would be more of a clinical question I think." AR 70. However, she testified that plaintiff's deficits generally suggest that he would have difficulties with instructions involving several steps, although visual reminders would help his concentration and focus. She also stated that activities that did not require much social interaction "would be reasonable hypotheses." Dr. Buechner said that she based these limitations on her professional experience and not on any evidence in the record concerning plaintiff. AR 70-71.

OPINION

In reviewing an administrative law judge's decision, I must determine whether the decision is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted). This deferential standard of review

> does not mean that we scour the record for supportive evidence or wrack our brains for reasons to uphold the ALJ's decision. Rather, the administrative law judge must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination.

Id. See also Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009) (administrative law judge need not discuss every piece of evidence but "must build a logical bridge from evidence to conclusion"); Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he

5

ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review."). In this case, plaintiff contends that the administrative law judge failed to give proper consideration to Dr. Kanz's evaluation and Dr. Buechner's hearing testimony.

A. Dr. Kanz's Report

Contrary to plaintiff's assertions, the administrative law judge did consider the report of Dr. Kanz, as shown by his citing it in support of his finding that plaintiff has the severe impairments of generalized anxiety disorder, borderline intellectual functioning and has a full-scale IQ of 75, schizoid personality disorder and attention deficit hyperactivity disorder. AR 16. He also was aware of Dr. Kanz's findings because Dr. Buechner also cited them in her hearing testimony. AR 64-65.

Although the administrative law judge did not identify what weight, if any, he gave to Dr. Kanz's report, he was not required to do so. To qualify as a medical opinion, a statement must reflect a judgment about the nature and severity of the impairment, including symptoms, diagnosis, prognosis, what the claimant can still do despite the impairment, and any physical or mental restrictions. 20 C.F.R. § 404.1527(a)(1); Horr v. Berryhill, 746 Fed. Appx. 16 (7th Cir. 2018). As defendant points out, Dr. Kanz examined plaintiff on one occasion, noted plaintiff's symptoms and test results and diagnosed various impairments. Dr. Kanz did not state any opinion with respect to plaintiff's prognosis or

6

functional limitations apart from stating that plaintiff was likely to function better in environments with a "low social load."

In any event, even if Dr. Kanz's statement about plaintiff's optimal work environment could be considered a functional limitation, the administrative law judge's failure to address it expressly in his opinion was harmless error at most. McKinzey v. Astrue, 641 F.3d 884, 892 (7th Cir. 2011) ("[W]e will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same."); Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010) ("The absence of a rationale may constitute harmless error if the agency's decision is overwhelmingly supported by the record and thus remand would be pointless."). The administrative law judge limited plaintiff's residual functional capacity to work involving "only brief and superficial contacts with supervisors, coworkers, and the public," which is consistent with Dr. Kanz's recommendation.

Finally, plaintiff did not file a reply brief or otherwise respond to defendant's arguments. Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Accordingly, I find that the administrative law judge did not commit reversible error in failing to expressly address Dr. Kanz's August 2016 evaluation of plaintiff.

## B. Dr. Buechner's Testimony

Plaintiff argues that the administrative law judge erred in failing to explain why he adopted Dr. Gilot-Mongomery's opinion in lieu of Dr. Buechner's opinion. In particular,

7

plaintiff points out that it was improper to discount Dr. Buechner's findings that plaintiff has marked limitations in social interaction and concentration, persistence or pace. If adopted, these findings would satisfy the paragraph B criteria for a listed mental impairment. 20 C.F.R. § 404, Subpt. P, App. 1, § 12.00(F) ("To satisfy the paragraph B criteria, your mental disorder must result in extreme limitation of one, or marked limitation of two, paragraph B areas of mental functioning.").

Contrary to plaintiff's contention, the administrative law judge provided good reasons for discounting Dr. Buechner's testimony. He explained that he found her opinion regarding the paragraph B criteria equivocal because it could either support or fail to support a finding of disability under the listings. In support of his conclusion, the administrative law judge noted correctly the conditional nature of Dr. Buechner's finding that plaintiff *might* have marked limitations in concentration, persistence and pace because he used marijuana regularly. He also noted at the hearing, and Dr. Buechner agreed, that although plaintiff had a history of marijuana use, the record contained no evidence that plaintiff had a diagnosis of a substance abuse disorder. Social Security Ruling (SSR) 13-2p, 2013 WL 621536, *3 (eff. Feb. 20, 2013) ("occasional maladaptive use" or history of alcohol or illegal drugs does not establish existence of medically determinable substance use disorder).

The administrative law judge also noted that plaintiff's normal mental health status examinations, activities, social relationships and ability to obtain illegal substances did not support a marked limitation in social functioning. He further noted that plaintiff had not undergone intensive mental health treatment and that medication had helped stabilize his

moods.  Although plaintiff had been hospitalized for mental health reasons when he was a teenager, there are no records pertaining to that treatment.  Thus, it was reasonable for the administrative law judge to conclude that it would be "speculation at best to infer that this [hospitalization] indicates the persistence of an underlying mental illness that is disabling 14 years later."  AR 23.  Plaintiff has not challenged any of these findings specifically.

Plaintiff briefly argues that Dr. Kanz's findings support Dr. Buechner's opinion, but as discussed previously, even though Dr. Kanz diagnosed conditions that both Dr. Buechner and the administrative law judge found to be severe impairments, he did not make any findings with respect to plaintiff's prognosis or ability to function in any of the relevant areas.  Accordingly, the administrative law judge's assessment of Dr. Buechner's testimony does not provide a ground for remand.

ORDER

IT IS ORDERED that the decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, denying plaintiff Brandon Michael Hunt benefits, is AFFIRMED.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 14th day of June, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge